<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VANESSA SANFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>IAM UNION REPRESENTATIVES *et al.*,<br><br>    Defendants. | No. 26cv1307 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Vanessa Sanford brings this action pursuant to the Labor Management Reporting and Disclosure Procedure Act, 29 U.S.C. §§ 401–531, seeking declaratory and injunctive relief against representatives of the Association of Machinists and Aerospace Workers ("IAM") District 141 Union (the "Union"), a union that services certain United Airlines ("United") employees at Newark Liberty International Airport. D.E. 1 ("Complaint" or "Compl."); D.E. 2 ("TRO Motion"). Sanford also seeks to proceed *in forma pauperis* ("IFP"). D.E. 6 ("Revised IFP Application").

Because Sanford demonstrates financial need, the Court will **GRANT** the Revised IFP Application and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court will **DISMISS** the Complaint *without prejudice* because Sanford's claim for relief appears moot. The Court will also **DENY** the TRO Motion as moot.

## I.    BACKGROUND

### A.    Factual Background

From 1997 through April 2025, Sanford worked for United at Newark Liberty International Airport. Revised IFP Application at 2. After United terminated Sanford in April 2025, she filed a

grievance with the Union, challenging the termination and seeking reinstatement of her position. D.E. 2-1 at 3; *see* Compl. at 1. Sanford's challenge, thus far, appears to have been unsuccessful. *See* Revised IFP Application at 5. Sanford's submissions also suggest that arbitration may be the last step in the grievance process. *See* D.E. 2-1 at 3. Sanford had arbitration scheduled for February 12, 2026, Compl. at 1, but the arbitration was then rescheduled for February 17, 2026, D.E. 5 at 1. If Sanford does not prevail at arbitration, her termination becomes final. *See* D.E. 2-1 at 3.

Undeterred by her technical lack of employment with United, Sanford seeks to run for Union President. Compl. at 1. Sanford, however, cannot hold office with the Union unless she is employed by United. D.E. 2-1 at 3. Sanford accordingly seeks to enjoin Union representatives from proceeding with the arbitration, as a negative outcome would destroy her eligibility for office. *Id.*; Compl. at 1.

**B.      Procedural History**

Sanford first filed her Complaint and TRO Motion on February 10, 2026, alleging that the arbitration was scheduled for February 12, 2026. Compl.; TRO Motion. Sanford accompanied those filings with an initial application to proceed IFP, D.E. 1-2, which this Court denied because Sanford failed to provide all the requested information, D.E. 4. As a result, this Court was unable to consider Sanford's TRO Motion. D.E. 4.

Sanford then filed an emergency notice and her Revised IFP Application on February 13, 2026, informing the Court that the arbitration had been rescheduled for February 17, 2026. D.E. 5; Revised IFP Application. Because Sanford used the alternate document submission system to docket her filings, her emergency notice was not docketed until February 17, 2026. *See* D.E. 5. At that time, the Court could not consider Sanford's emergency notice because she had not paid

the filing fee and no proper application to proceed IFP had been docketed.  *See* Dkt.  Sanford's Revised IFP Application was later docketed on February 23, 2026, several days after the rescheduled arbitration had taken place.  Revised IFP Application.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[1]  28 U.S.C. § 1915(e)(2)(B); *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555. As Plaintiff proceeds *pro se*, the Court holds the Complaint to a less stringent standard than one drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nevertheless, the Court need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service.  *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188 at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes '[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.'" (quoting *Magruder v. Grafton Corr. Inst.*, No. 19-1980, 2020 WL 2814532, at *3 (N.D. Ohio Apr. 1, 2020))).

F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III.    ANALYSIS[2]

#### A.    Sanford's Revised IFP Application

Sanford declares in her Revised IFP Application that she has no income, is going to school, and is contesting United's allegedly wrongful termination of her job.  Revised IFP Application at 5.  She further states that her spouse earns $5,650 per month but that due to their mortgage payments, utilities, food expenses, laundry and dry-cleaning expenses, transportation expenses, insurance fees, and debt, they collectively have about $7,010 in expenditures per month.  *Id.* Because Sanford sufficiently establishes her inability to pay, the Court will **GRANT** her Revised IFP Application and screen her Complaint.

#### B.    Screening Sanford's Complaint

Sanford sought to enjoin the arbitration proceeding that would finally resolve whether she is entitled to reinstatement with United.  Initially, the arbitration had been scheduled for February 12, 2026, but was later rescheduled for February 17, 2026.  D.E. 5 at 1.  Because Sanford's Revised IFP Application was not docketed until February 23, 2026, nearly a week after the arbitration proceedings were alleged to have taken place, there appears nothing left for the Court to enjoin.

---

[2] The Court notes that consideration of only Plaintiff's Complaint would entitle her to no relief as she provides no facts that explain the grounds of her "retaliation, intimidation, and election interference" claims.  Compl. at 1; *Iqbal*, 556 U.S. 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)).  Her Complaint is about half a page long and devoid of meaningful detail.  *See generally* Compl.  The Court therefore looks to Plaintiff's other filings to understand what she is attempting to plead.  *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("Implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.").

The relief Sanford seeks in her Complaint and in her TRO therefore appears moot. *Brand Energy & Infrastructure Servs., Inc. v. Irex Contracting Grp.*, No. 16-2499, 2016 WL 6442077, at \*3 (E.D. Pa. Oct. 31, 2016) (explaining that requested relief was moot because the time to act had expired).

The Court will therefore **GRANT** Sanford's IFP Application but will **DISMISS** Sanford's Complaint ***without prejudice***.   The Court will also **DENY** Sanford's TRO Motion as moot. Accordingly,

**IT IS**, on this **10th** day of  April, 2026, for the foregoing reasons,

**ORDERED** that Plaintiff's Revised IFP Application, D.E. 6, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff's Motion for TRO, D.E. 2, is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may file a proposed amended complaint within **45 days** to cure the deficiencies identified in this Memorandum Order; and it is further

**ORDERED** that any proposed amended complaint will be subject to this Court's screening pursuant to 28 U.S.C. § 1915(e)(2)(B); and

**ORDERED** that the Clerk of Court shall **REOPEN** this action if the proposed amended complaint passes the Court's screening pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff via regular mail.

Evelyn Padin, U.S.D.J.

5